# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ERICKA A. LOVE,

          Defendant.

Case No. 8-CR-165-3-JPS

**ORDER**

In October 2008, Defendant Ericka A. Love ("Love") pled guilty to one count of conspiracy to commit credit card fraud, in violation of 18 U.S.C §§ 371 and 1029(a)(2). ECF No. 73. In January 2010, Love was sentenced to a twelve-month-and-one-day term of incarceration. ECF No. 148. As part of her sentence, Love was ordered to pay $73,760.49 in restitution jointly and severally with her co-defendants under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664. *Id*. at 5. Love represents that she has paid approximately $44,000.[1] ECF No. 257 at 1. She now seeks an order relieving her from her remaining restitution obligations "[i]n light of the substantial amount [she] has already paid and [her] continued effort toward rehabilitation and accountability." *Id*. at 2.

"District courts have limited power to revisit sentences after they are imposed." *United States v. Willett*, No. 06-cv-30008-JPG-3, 2026 U.S. Dist. LEXIS 65654, at *3 (S.D. Ill. Mar. 23, 2026) (quoting *United States v. Goode*,

---

[1]Probation and Court staff exchanged emails regarding how much she has paid to date. Probation indicates that Love's assertion that she alone has paid $44,000 is both inaccurate and misleading. Probation calculates that she has, in fact, paid $36,280.49, and that when her payments are combined with those made by her co-defendant, Valentina Johnson, the remaining balance is $33,453.94.

342 F.3d 741, 743 (7th Cir. 2003)). "They may only revisit them as authorized by statute or rule." *Id*. (citing same). "The MVRA, 18 U.S.C. § 3664(k), allows a district court to modify a restitution order if the defendant shows: (1) there has been a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution,' and (2) 'the interests of justice require' the modification." *Id*. "Even if a defendant makes the required showing, the district court is only permitted to adjust the payment schedule of the restitution." *Id*. (citing *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006)). "The statute gives no authority to reduce or terminate the restitution order." *Id*. (citing same).

Here, as in *Willett*, Love seeks full exoneration from her remaining restitution debt—relief that the Court is not authorized to grant. Accordingly, the Court is constrained to deny Love's motion. This ruling does not preclude her from seeking a modification of her payment schedule under 18 U.S.C. § 3664(k) so long as her request is supported by evidence that there has been a material change in her economic circumstances that affects her ability to pay.

Accordingly,

**IT IS ORDERED** that Defendant Ericka A. Love's motion for relief from her remaining restitution obligations, ECF No. 257, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge